Jesse C. Trentadue (#4961)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-mail: jesse32@sautah.com
E-mail: bbutterfield@sautah.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VANCE NORTON, GARY JENSEN, KEITH CAMPBELL, ANTHONEY BYRON, BEVAN WATKINS, and TROY SLAUGH, <br><br> Plaintiffs, <br> v. <br><br> THE UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, a federally recognized Indian Tribe; the BUSINESS COMMITTEE FOR THE UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, in its official capacity; the UTE TRIBAL COURT OF THE UINTAH AND OURAY RESERVATION; the HONORABLE WILLIAM REYNOLDS, in his official capacity as Acting Chief Judge of the Ute Tribal Court; DEBRA JONES and ARDEN POST, individually and as the natural parents of Todd R. Murray; and DEBRA JONES as personal representative of the Estate of Todd R. Murray. <br> Defendants. | **COMPLAINT FOR NON-MONETARY DECLARATORY and INJUNCTIVE RELIEF** <br><br> Case No. 2:15-cv-00300 <br><br> Judge: Dee Benson |

COME NOW Vance Norton, Gary Jensen, Keith Campbell, Anthoney Byron, Bevan Watkins; and Troy Slaugh (collectively "Plaintiffs"), by way of *Complaint* against the Ute Indian Tribe of the Uintah and Ouray Reservation, the Business Committee for Ute Indian Tribe of the Uintah and Ouray Reservation, the Ute Tribal Court of the Uintah and Ouray Reservation, the Honorable William Reynolds as acting Chief Judge of the Ute Tribal Court, Debra Jones and Arden C. Post, individually, and Debra Jones as personal representative of the Estate of Todd R. Murray on behalf of the heirs of Todd R. Murray (collectively "Defendants").

## I.

## INTRODUCTION

1.  Plaintiffs are bringing this suit for declaratory and injunctive relief because attorneys from the firm of Fredericks Peebles & Morgan LLP have re-filed *Jones et. al v. Norton et. al.*,[1] which is currently on appeal to United States Court of Appeals for the Tenth Circuit following this Court's entry of *Judgment* in favor of the Defendants in that case.

2.  Attorneys from the firm of Fredericks Peebles & Morgan LLP, who

---

[1] District of Utah Case 2:09CV00730.

also represented the Plaintiffs in *Jones et. al v. Norton et. al.*, have re-filed that case in the Ute Tribal Court.[2]

3.      According to attorneys from the firm of Fredericks Peebles & Morgan LLP, they re-filed the case in the Ute Tribal Court because their clients were "not satisfied" with the decisions of the United States District Court in *Jones et. al v. Norton et. al.*, and because the jurisdiction of the Ute Tribe to prosecute these re-filed claims and the Ute Tribal Court to hear these re-filed claims were matters to be determined under Ute Tribal Law, NOT federal law.

## II.

## NATURE OF THE CASE

4.      This action arises out of the suicide of Todd R. Murray.  On April 1, 2007, Todd R. Murray was a passenger in Uriah Kurip's vehicle, which was traveling westbound on Highway 40 in Uintah County.  Utah State Trooper Dave Swenson of the Utah Highway Patrol observed the Kurip vehicle speeding. Swenson attempted to stop the Kurip vehicle, but te driver refused to stop and a high-speed chase ensued.

---

[2] *See* Fredericks Peebles & Morgan LLP's *Ute Tribal Court Complaint* attached hereto as Exhibit 1.

5. The pursuit terminated about thirty minutes after it began when the Kurip vehicle ran off the highway. Murray exited the vehicle and fled the scene, armed with a .380 automatic pistol.

6. Thereafter Murray encountered Vernal City Police Officer Vance Norton. Murray initiated an exchange of gun fire with Norton, after which Murray shot and killed himself.

7. The firm of Fredericks Peebles & Morgan LLP brought civil rights and common law wrongful death claims in the United States District Court for the District of Utah on behalf of Murray's parents, Debra Jones and Arden Post as well as on behalf of Debra Jones as personal representative of the Estate of Todd R. Murray. Hereinafter, that federal court case will be referred to as the "*Original Murray Action*".

8. The firm of Fredericks Peebles & Morgan LLP named as defendants in the *Original Murray Action* Officer Norton, Uintah County Deputy Sheriffs Anthoney Byron, Bevan Watkins and Troy Slaugh and everyone else who happened to show up at the scene of Murray's suicide.[3]

9. According to Ms. Jones, and Mr. Post, the *Original Murray Action*

---

[3] United States District Court Case 2:09CV00730, *Third Amended Complaint* Doc. 170.

was fully funded by the Ute Tribe.[4]

10.     In the *Original Murray Action*, after years of contentious and acrimonious litigation, the District Court entered *Judgment* in favor of all of the defendants, including Norton, Byron, Watkins and Slaugh.[5] That matter is now on appeal to the United States Court of Appeals for the Tenth Circuit.[6]

11.     On March 5, 2015, attorneys with the firm Fredericks Peebles & Morgan LLP filed an action in the Ute Tribal Court on behalf of the Ute Indian Tribe, Debra Jones, Arden Post and the Estate of Todd Murray again seeking damages arising out of Todd R. Murray's suicide.[7] That *Complaint* will be herein after referred to as the "*Re-filed Murray Complaint*".

12.     In the *Re-filed Murray Complaint*, the firm of Fredericks Peebles & Morgan LLP named as defendants, among others, Vernal City Officer Norton, Deputy Byron, Deputy Watkins, and Deputy Slaugh, all of whom had been defendants in the *Original Murray Action*.

---

[4]  See *Jones* and *Post Depositions*, Exhibits 2 and 3 hereto.

[5]  *See Judgment*, Case No. 2:09CV00730453, Doc. 453.

[6]  *Notice of Appeal,* Case No. 2:09CV00730, Doc. 436.

[7]  *See Tribal Court Complaint*, Exhibit 1 hereto,

13.     The firm Fredericks Peebles & Morgan LLP also named Gary Jensen and Keith Campbell as defendants. Jensen was the Chief of Police of Vernal City at the time of Murray's suicide and Campbell was at that time both a Deputy Uintah County Sheriff and a Deputy Medical Examiner for the Utah State Office of the Medical Examiner. But neither Jensen nor Campbell had been named by the Fredericks Peebles & Morgan LLP firm as a defendants in the *Original Murray Action*.[8]

14.     By the instant action, Plaintiffs are seeking to have this Court review the question of the Ute Tribe and Ute Tribal Court's jurisdiction and lawful authority over them. Specifically, Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribe and Ute Tribal Court lack subject matter jurisdiction to prosecute and/or to hear the claims being brought against Plaintiffs in the Ute Tribal Court and, based upon that ruling, for an *Order* enjoining the prosecution of these claims in the Ute Tribal Court.

15.     In the alternative, if this Court determines that Plaintiffs are subject to

---

[8] The Fredericks Peebles & Morgan LLP firm moved in the *Original Murray Action* to join Jensen as an additional party. *See Motion to Add Additional Parties,* Case No. 2:09CV730, Doc. 114. The District Court, however, denied that *Motion*. *See Order,* Case No. 2:09CV730, Doc. 198 . The Fredericks Peebles & Morgan LLP firm, however, made no similar *Motion* to join Campbell as a defendant in the *Original Murray Action*.

suit in the Ute Tribal Court, then Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribe and Ute Tribal Court are "*Federal Actors"* so as to entitle Plaintiffs to the full protections of the *United States Constitution* in all proceedings before the Ute Tribal Court, and for an *Order* enjoining the Ute Tribe and Ute Tribal Court from denying Plaintiffs their rights under the *United States Constitution*.

### III.

### **PARTIES**

16. At all times relevant to this action, Plaintiff Vance Norton ("Norton") was a Vernal City Police Officer acting under color of law and within the scope of his official duties.

17. At all times relevant to this action, Plaintiff Gary Jensen ("Jensen") was the Vernal City Chief of Police acting under color of law and within the scope of his official duties.

18. At all time relevant to this action, Plaintiff Keith Campbell was both a Deputy Uintah County Sheriff as well as Deputy Medical Examiner for the Utah State Office of the Medical Examiner and in both capacities he was acting under color of law and within the scope of his official duties.

19. At all times relevant to this action, Plaintiff Anthoney Byron ("Byron") was a Deputy Uintah County Sheriff acting under color of law and within the scope of his official duties.

20. At all times relevant to this action Bevan Watkins ("Watkins") was a Deputy Uintah County Sheriff acting under color of law and within the scope of his official duties.

21. At all times relevant to this action Troy Slaugh ("Slaugh") was a Deputy Uintah County Sheriff acting under color of law and within the scope of his official duties.

22. Defendant Ute Indian Tribe of the Uintah and Ouray Reservation ("Ute Tribe") is a federally recognized tribe with its headquarters at Fort Duchesne, Utah.

23. Defendant Business Committee of the Ute Indian Tribe of the Uintah and Ouray Reservation ("Ute Business Committee") is the governing body of the Ute Tribe. The Ute Business Committee is being sued solely in its official capacity as the governing body of the Ute Tribe.

24. Defendant Ute Tribal Court for the Ute Indian Tribe of the Uintah and Ouray Reservation ("Ute Tribal Court") is located at Fort Duchesne, Utah. The

Ute Tribal Court is controlled by the Ute Business Committee and the Chief Judge of the Ute Tribal Court.

25. Upon information and belief, Defendant William Reynolds is the acting Chief Judge of the Ute Tribal Court. The Honorable William Reynolds is being sued solely in his official capacity as a Judge of the Ute Tribal Court.

## IV.

## JURISDICTION and VENUE

26. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 because it raises a substantial federal question as to the scope of the Ute Tribe and Ute Tribal Court's jurisdiction over Plaintiffs.[9]

27. Venue is proper under 28 U.S.C. § 1391, and the remedies-relief sought by Plaintiffs are authorized under 28 U.S.C. §§ 2201 and 2202.

## V.

## EXHAUSTION OF TRIBAL COURT REMEDIES

28. It is not necessary for Plaintiffs to exhaust the remedies that might otherwise be available to them in Ute Tribal Court because the actions of the

---

[9] *See National Farmers Union Ins. Cos. v. Crow Indian Tribe*, 471 U.S. 845, 852, (1985).

Defendants are patently violative of express jurisdictional prohibitions against the Ute Tribe and/or Ute Tribal Court's assertion of any jurisdiction over Plaintiffs.[10] In fact, in *Nevada v. Hicks*, the United States Supreme Court clearly stated that: (a) **"[I]t is clear . . . that tribal courts lack jurisdiction over state officials for causes of action relating to their performance of official duties. . . ;"**[11] (b) a tribe's right to make its own laws and to be governed by them did not exclude all state regulatory authority on reservations, thus, state sovereignty did not end at a reservation border;[12] (c) **"a tribe's adjudicative jurisdiction over nonmembers is at most only as broad as its legislative jurisdiction**;"[13] and (d) because an Indian reservation is considered part of the territory of the state, **"state officials operating on reservation . . . are properly held accountable for misconduct and civil rights violations in either State or Federal Court, but not in Tribal

---

[10] *See Nevada v. Hicks*, 533 U.S. 353 (2001); *MacArthur v. San Juan County,* 391 F. Supp. 2d 895, 1037 (D. Utah 2005); *Montana DOT v. King*, 191 F.3d 1108(9th Cir. 1999); *Montana v. Gilham*, 133 F.3d 1133 (9th Cir. 1997); *Stift v. Lynch*, 267 F.2d 237 (7th Cir. 1959).

[11] 533 U.S. at 369(emphasis added).

[12] *Id.* at 374.

[13] *Id.*

Court."[14]

## VI.

## SOVEREIGN IMMUNITY

29.     Plaintiffs are likewise entitled to sovereign immunity because, in *MacArthur v. San Juan County*,[15] the United States District Court for the District of Utah ruled that Counties and their employees are immune from suit in tribal court.  That ruling was subsequently affirmed by the United States Court of Appeals for the Tenth Circuit.[16]  More importantly, "immunity means immunity from suit, not simply immunity from liability."[17]

## VII.

## GENERAL ALLEGATIONS

30.     The Ute Tribal Court is housed in a building constructed upon land held in trust for the Ute Tribe by the United States of America, and overseen by the Bureau of Indian Affairs.  The Ute Tribal Court provides judicial services to

---

[14]  *Id*.

[15]  391 F. Supp. 2d 895, 1037 (D. Utah 2005).

[16]  *MacArthur v. San Juan County* 497 F.3d 1057 (10th Cir. 2007).

[17]  *Brown v. United States Postal Service*, 338 Fed. Appx. 438, 440 (5th Cir. 2009)(unpublished).

the Ute Tribe that would otherwise have to be provided by the United States of America through the Bureau of Indian Affairs.

31.     Pursuant to 25 U.S.C. §§ 3611 through 3631, the Ute Tribal Court is funded and supported by the United States of America.  Pursuant to *Public Law* 93-638, the Ute Tribe has contracted with the Bureau of Indian Affairs to operate the Ute Tribal Court.

32.     Pursuant to the Ute Tribe's *Public Law* 93-638 contract with the Bureau of Indian Affairs, Ute Tribal Court personnel, including the Judges in that Court, are federal employees.

33.     Plaintiffs and other State, county or municipal officials or employees who are subject to the jurisdiction of the Ute Tribal Court are not entitled to the *due process* and/or other rights normally guaranteed to them under the *United States Constitution* in Federal and State judicial proceedings.[18]

34.     In the Ute Tribal Court, the only rights guaranteed to Plaintiffs are those rights set forth in 25 U.S.C. § 1302, which do not include, among others, the right to a jury trial, the right to a trial by a jury of their peers since in the Ute

---

[18]  *See Talton v. Mayes,* 163 U.S. 376 (1986)*; Trans-Canada Enter. v. Muckleshoot Indian Tribe*, 634 F.2d 474, 476 (9th Cir. 1980); *Settler v. Lameer*, 507 F.2d 231, 241-47(9th Cir. 1974).

Tribal Court only members of the Ute Tribe can serve on juries, and the *due process* accorded Plaintiffs before the Ute Tribal Court is defined by the Ute Tribe and not by the *United States Constitution*.

35. On April 1, 2007, Todd R. Murray committed suicide following a high speed pursuit by Utah Highway Patrol Trooper Dave Swenson of the vehicle in which he was a passenger.

36. In the *Original Murray Action*, attorneys from the firm of Fredericks Peebles & Morgan LLP brought civil rights and common law wrongful death clams on behalf of Murray's parents, Debra Jones and Arden Post and the Estate of Todd R. Murray against Officer Norton, Uintah County Deputy Sheriffs Anthoney Byron, Bevan Watkins and Troy Slaugh and everyone else who happened to show up at the scene of Murray's suicide.

37. In the *Original Murray Action*, after years of litigation the District Court granted summary judgment in favor of all of the defendants, including Norton, Byron, Watkins, and Slaugh. That matter is now on appeal to the United States Court of Appeals for the Tenth Circuit.

38. On March 5, 2015, attorneys with the firm Fredericks Peebles & Morgan LLP brought the *Re-filed Murray Complaint* in the Ute Tribal Court on

behalf of the Ute Indian Tribe, Debra Jones, Arden Post and the Estate of Todd Murray again seeking damages arising out of Murray's suicide.[19]

39.     The firm of Fredericks Peebles & Morgan LLP named as defendants in that *Re-filed Murray Complaint*, among others, Vernal City Officer Norton, Deputy Byron, Deputy Watkins, and Deputy Slaugh, all of whom had been defendants in the *Original Murray Action*.

40.     The firm Fredericks Peebles & Morgan LLP also named Gary Jensen and Keith Campbell as defendants in the *Re-filed Murray Complaint* even though neither were named by the Fredericks Peebles & Morgan LLP firm as a defendants in the *Original Murray Action*.

41.     The *Re-filed Murray Complaint* is based upon the same facts as the *Original Murray Action* and sets forth the same basic theories of liability.  The only material difference between the two lawsuits is that the Ute Tribe has suddenly stepped out to insert itself as a plaintiff in the *Re-filed Murray Complaint;* whereas in the *Original Murray Action,* other than secretly funding that lawsuit and controlling the actions of counsel from the Fredericks Peebles & Morgan LLP firm, the Tribe remained hidden in the shadows.

---

[19] *See Re-filed Murray Complaint*, Exhibit 1 hereto,

42. On April 14, 2015, Plaintiffs' counsel learned of the Fredericks Peebles & Morgan LLP firm's re-filing of the *Murray* case in the Ute Tribal Court, and immediately called Jeffrey Rasmussen of that Firm to discuss the matter. During that conversation, Mr. Rasmussen told Plaintiffs' counsel that the action had been re-filed in the Ute Tribal Court because his clients were "**not satisfied**" with the results of the *Original Murray Action*, and because the jurisdiction of the Ute Tribe to prosecute these claims and the Ute Tribal Court to hear these claims were matters to be determined under Ute Tribal Law, NOT federal law.

43. On April 21, 2015, Plaintiffs' counsel followed-up with an e-mail to Mr. Rasmussen stating therein the substance of that conversation. Mr. Rasmussen responded essentially disavowing the conversation of April 14, 2015.[20]

## VIII.

## FIRST CLAIM FOR RELIEF

**(Review or Tribal Court Jurisdiction)**

44. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

---

[20] A copy of that E-mail exchange is attached hereto as Exhibit 4 and incorporated by reference.

45. An existing and actual controversy within this Court's jurisdiction exists between Plaintiffs and the Defendants concerning the Ute Tribe and Ute Tribal Court's jurisdiction over the claims being asserted against Plaintiffs in the Ute Tribal Court.

46. The Ute Tribe and Ute Tribal Court's subject matter jurisdiction over the *Re-filed Murray Complaint* is a matter of federal law, and under federal law not only is there no such jurisdiction, but Defendants Norton, Jensen, Campbell, Byron, Watkins and Slaugh are also immune from suit in the Ute Tribal Court, and the claims asserted against them in the *Re-filed Murray Complaint* are likewise barred by the doctrines of res judicata and collateral estoppel.

47. By this *Complaint*, Plaintiffs seek a declaration pursuant to 28 U.S.C. §§2201 and 2202 that the Ute Indian Tribe and Ute Tribal Court have exceeded the lawful limits of its jurisdiction and/or otherwise lacks subject matter jurisdiction over the claims being asserted against Plaintiffs by Defendants Ute Tribe, Debra Jones, Arden Post and the Estate of Todd R. Murray in the *Re-filed Murray Complaint*.

48. By this *Complaint*, Plaintiffs likewise seek an *Order* from this Court enjoining the Ute Tribe and the Ute Tribal Court from proceeding to hear the

matters being asserted against them by Defendants Ute Tribe, Debra Jones, Arden Post and the Estate of Todd R. Murray in the *Re-filed Murray Complaint;* and further enjoining these Defendants from continuing to prosecute those claims.

49. By this *Complaint*, Plaintiffs likewise seek an *Order* from this Court enjoining Defendants Ute Tribe, Debra Jones, Arden Post and the Estate of Todd R. Murray from continuing to prosecute claims related to the death of Todd R. Murray in the Ute Tribal Court.

## IX.

## SECOND CLAIM FOR RELIEF

**(Alternative Claim Enforcement of Constitutional Right)**

50. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

51. Because of the United States of America's funding, support, oversight and control of the Ute Tribal Court, the Ute Tribal Court and its personnel are *Federal Actors* so as to entitle Plaintiffs and others who are subject to the jurisdiction of the Ute Tribal Court to the full protections of the *United States Constitution*.

52. In the event that the Court determines that Plaintiffs are subject to the

jurisdiction of the Ute Tribal Court, then Plaintiffs are entitled to the *due process* and other rights that would be accorded to them under the *United States Constitution* if Defendants Ute Tribe, Debra Jones, Arden Post and the Estate of Todd R. Murray were proceeding in the United States District Court for the District of Utah or a Utah State Court.

## X.

## **PRAYER**

WHEREFORE, Plaintiffs pray for *Judgment* against the Defendants as follows:

1.  For a declaration under 28 U.S.C. §§ 2201 and 2202 that the Ute Tribe and Ute Tribal Court are without subject matter jurisdiction to prosecute and/or to hear the claims being asserted against Plaintiffs in the *Re-filed Murray Complaint* and by doing so have exceeded the lawful limits of their authority; and based upon that declaration, for an *Order* enjoining the Ute Tribe and Ute Tribal Court from proceeding to hear those claims, and further enjoining Defendants Ute Tribe, Debra Jones, Arden Post and the Estate of Todd R. Murray from continuing to prosecute the *Re-filed Murray Complaint* in the Ute Tribal Court.

2.  In the alternative, if the Court determines that the Ute Tribe and Ute

Tribal Court do have subject matter jurisdiction over the claims being asserted against Plaintiffs in the *Re-filed Murray Complaint*, then Plaintiffs seek a declaration under 28 U.S.C. §§ 2201 and 2202 that the Ute Tribe and the Ute Tribal Court are *Federal Actors* so as to entitle Plaintiffs to the full protections of the *United States Constitution* in all proceedings before the Ute Tribal Court and, based upon that declaration, for an *Order* enjoining the Ute Tribe and Ute Tribal Court from denying Plaintiffs their rights under the *United States Constitution*.

     3.    For such other and further relief as the Court deems just and equitable under the circumstances.

     Dated this 28th day of April 2015.

                             SUITTER AXLAND, PLLC

                             /s/ jesse c. trentadue
                             Jesse C. Trentadue
                             Britton R. Butterfield

                             *Attorneys for Plaintiffs*

*T:\7000\7619\16\COMPLAINT_FEDERAL.wpd*